IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MABEL KING,<br><br>    Plaintiff,<br><br>vs.<br><br>DOUGLAS COUNTY, NEBRASKA,<br><br>    Defendant. | **8:19CV63**<br><br>**MEMORANDUM AND ORDER** |

  Plaintiff filed this case on February 8, 2019 and was given leave to proceed in forma pauperis. The court conducted an initial review of Plaintiff's Complaint (filing 1) pursuant to 28 U.S.C. § 1915(e)(2), and entered a Memorandum and Order on February 4, 2020 (filing 8), finding that the Complaint failed to state a claim upon which relief may be granted. The court, on its own motion, gave Plaintiff leave to file an amended complaint to allege disability discrimination and retaliation claims against Douglas County supported by sufficient truthful factual allegations. Plaintiff filed her Amended Complaint (filing 9) on February 19, 2020. The court now conducts review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e).

### I. SUMMARY OF AMENDED COMPLAINT

  Utilizing the Form Complaint for a Civil Case, Plaintiff sues Douglas County, Nebraska, alleging the following:

> I have and has been racially profiled and harassed and retaliated against and lied to during the time I was working and also after I was working for Douglas County.
> . . . .
> I asked to settle with Douglas County fina[n]cially several times and I was told no[.] I would like to settle fina[n]cially again[.] I have tried

to get an attorney to help me and I have not been able to for some reason[.] I have been blocked my name has been blacked balled in Nebraska.

(Filing 9-1 at CM/ECF pp. 4–5.)

## II. DISCUSSION

Standing alone, the Amended Complaint's allegations fail to meet the minimal pleading standard set forth in Federal Rule of Civil Procedure 8, which requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). While complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must comply with the Federal Rules of Civil Procedure. Here, Plaintiff's Amended Complaint fails to meet these minimal pleading requirements.

Even if the court considered Plaintiff's Amended Complaint as supplemental to her original Complaint, *see* NECivR 15.1(b) (court may consider pro se litigants' "amended pleading as supplemental to, rather than as superseding, the original pleading"), the allegations would fail to state plausible disability discrimination or retaliation claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111 to 12117, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17, and the Nebraska Fair Employment Practice Act ("NFEPA"), NEB. REV. STAT. §§ 48-1101-1126, for the reasons set forth in the court's Memorandum and Order on initial review. (*See* Filing 8 at CM/ECF pp. 5–12.)

Accordingly, the court finds that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed. The court will not give Plaintiff another opportunity to amend as the court concludes that further amendment would be futile.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. The court will enter judgment by separate document.

Dated this 19th day of June, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge